UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

THOMAS WILLIAM MINGUSKE,

           Debtor.
_____/

Case No. DL 18-00853
Hon. Scott W. Dales
Chapter 7

ORDER TO SHOW CAUSE

PRESENT:   HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

      On March 2, 2018, Thomas William Minguske (the "Debtor"), through counsel, filed a voluntary petition for relief under chapter 7 (the "Petition," ECF No. 1). In Part I, Paragraph 2 of the Petition, next to the phrase "All other names you have used in the last 8 years" the Debtor did not list any names -- he left it blank. In Part I, Paragraph 4, however, next to the phrase "Any business names and Employer Identification Numbers you have used in the last 8 years" the Debtor stated that he was "doing business as" a professional corporation (the "PC"), namely "Thomas W. Minguske, DDS, PC."

      For reasons perhaps attributable to Debtor's counsel's bankruptcy filing software or some interface with the court's Case Management/Electronic Case Filing system ("CM/ECF"), the electronic docket identifies the Debtor *and* the PC in the caption. Although Fed. R. Bankr. P. 1005 provides that the full caption of a case should include "all other names used within eight years before filing the petition," the court is concerned that including the PC in the docket, or in the caption, could sow confusion about the identity of the Debtor or perhaps the scope of the automatic stay under 11 U.S.C. § 362(a). In other words, there is a risk that parties in interest might confuse the Debtor with affiliated, separate entities, either in preparing schedules, proofs of claim, or taking other actions in connection with the case. The court hopes to avoid the possibility for such confusion.

      Accordingly, the court is considering taking action to address the confusion, including whether to require the Clerk to modify the electronic docket to remove the PC from the place where only the Debtor's name should appear. In other words, the court believes that the caption should not include the names of corporations or limited liability companies (or their trade names) in which any individual debtor was a principal, regardless of whether any debtor has conducted business in the corporate form and regardless of any guaranty relationships.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Debtor and any party in interest who objects to reforming the docket and caption as proposed above may show cause, if any may exist, by filing a written statement explaining why the court should not reform the docket to clarify that only Thomas William Minguske is a debtor in the above-captioned case, and to require interested parties to use a caption identifying only this natural person as "debtor" in this case.  If the court receives no response to this Order by March 20, 2018, it will enter an appropriate order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Thomas William Minguske, Kristen L. Krol, Esq., John A. Porter, Esq., and all creditors included on the mailing matrix, and transmit a copy of this Order to Show Cause to the Assistant United States Trustee for this District by first class U.S. Mail.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 6, 2018**



_____
Scott W. Dales
United States Bankruptcy Judge